WARREN SPEAR

*v.*

JOHN GRIFFITH, JR.

1. PURCHASE—*whether party takes as a gift or as a purchase.* Where a father, in advanced years and in anticipation of his death, conveyed his farm to one of his sons, to be paid for in a conveyance of a part to another son, and brother of the grantee, and a part by note and mortgage, and the balance of the price was to be a gift, it was *held* that the son took as a purchaser. The conveyance was not a gift, but there was a gift of a part of the purchase money.

2. CONSIDERATION—*moral obligation.* Where a father conveys land to his son, which is taken as containing so many acres as the basis for fixing the price to be paid, on the faith of which the son executes his note and mortgage for the balance due, a moral obligation will be created upon the father to pay for any deficiency in the land, and it will support a promise on his part to make compensation for the deficiency, which may be enforced.

3. CHANCERY—*remedy at law.* On bill to reform a deed for mistake in describing the land, and for relief on account of a deficiency in the quantity of the land sold, filed against the executor and heirs of the grantor, the court may properly require the price of such deficiency to be deducted out of the price still to be paid, instead of requiring the grantee to file his claim against the estate.

4. MISTAKE—*of the relief and terms.* Where a deed by mistake leaves out a part of the land intended to be conveyed, and describes lands never owned by the grantor, it is not error to require the representatives of the grantor to convey the land erroneously left out of the deed without a corresponding conveyance by the grantee of the land erroneously included in his deed, as the allegations in the bill and decree will always protect the executor and heirs or devisees of the grantor against any action on the covenants in the original deed as to the land erroneously included therein.

5. CHANCERY PRACTICE—*relief under cross-bill.* On bill to correct a deed for a mistake in the description of the land, relief may be granted without at the same time correcting the mortgage given to secure a small part of the purchase money, in which the same mistake occurs, although its reformation is sought on cross-bill. The mortgage may afterwards be reformed under the cross-bill, on notice.

APPEAL from the Circuit Court of Kane County; the Hon. HIRAM H. CODY, Judge, presiding.

Mr. C. D. F. SMITH, for the appellant.

Mr. J. H. MAYBORNE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellant is the sole executor of the last will of John Griffith, Sr., deceased, and appellee is the elder son of deceased.

In November, 1869, deceased was the owner of a farm containing in fact about 208.72 acres, which he supposed contained 217.39 acres, and which he considered was worth about $50 per acre.

Being advanced in years, in anticipation of his decease and with a view of distributing his property, he made an arrangement with appellee, and his other son, Edmond Griffith, by which he sold and conveyed to appellee the whole of his farm, at the price of $10,869.50, to be paid as follows:

| | |
|---|---|
| By 184.12 acres, he was to convey to Edmond, at | $3,340.00 |
| By his own note and mortgage, payable eighteen months after his or their death, | 5,184.00 |
| | $8,524.00 |
| The balance of the purchase money was a gift to appellee, | 2,345.50 |
| | $10,869.50 |

Appellee conveyed the land in question to Edmond, and gave the mortgage and note for $5,184, and this on the ground, as supposed, that he had left in him about 133.27 acres of the land. As a part of the same arrangement, the father took from his son Edmond his note and a mortgage upon the land so conveyed to him for the sum of $1,016. The residue of the price of his land, $3,340, was paid by a gift on the part of the father, of the same, which amounted to $2,324. The father then made a will, by which he gave, in special bequests, $6,200, being the amount of these two mortgages ($5,184 and $1,016), $6,200, to several devi-

sees, giving to each of his daughters $2,000, and his personal property was to be distributed *pro rata* among these devisees. On examination it was afterwards found that the portion of the land which appellee had not conveyed to Edmond did not contain 133.27 acres, and was supposed to fall short of it by about nine acres. When this came to the knowledge of the father of appellee he at once declared to appellee that he would make it right. He declined to make new papers for the purpose of adjusting it, but promised to pay appellee for the amount of land which was lacking, saying he had personal property sufficient for that purpose. He died, however, soon after, and without making such payment or any special provision therefor. It was also discovered that, in preparing the deed made to appellee of all the land, an error had occurred by which a portion of the land intended to be conveyed was not embraced in the deed, and a portion of other land was embraced in the deed which the father of appellee did not own, and which was not intended to be embraced in the deed.

This was a bill in chancery, brought by appellee against appellant as executor, and against the other heirs and devisees of deceased, asking that the error in the deed as to description should be so corrected as to convey the land which it was intended should be conveyed, and to exclude that which was erroneously included in the deed by mistake; and also asking that appellee should be allowed a credit upon his note and mortgage of an amount equal to the price of so much land as was found lacking. No objection was interposed by any of the defendants to the correction sought in the description of the deed, but appellant denied the right of complainant to relief on account of the deficit in the quantity of land. Upon a careful survey, made afterwards, it was found that after correcting the description in the deed and deducting the land conveyed to Edmond, the appellee would have left land amounting in all to 124.60 acres, which shows a deficit from the amount supposed to be granted to appellee of 8.67 acres.

The surveyor makes the deficit 8.77 acres. This discrepancy of 0.10 acres results from the fact that the several amounts given in the deed made by the father to appellee, being added, make 217.59 acres; but the fact seems to have been overlooked that the price of the whole land was to be $50 per acre, and the entire price stated in that deed was $10,869.50, which is the exact amount of the whole price of 217.39 acres at $50 per acre. From this it is apparent that, by some mistake (probably in computing the amounts named in the deed), the appellee and his father supposed that the amount of land about which they were bargaining was 217.39 acres, and not 217.59 as shown on the face of the deed.

The real deficit, then, between the land which appellee gets when his deed is corrected, and the amount he and his father supposed he was to have, was in fact 8.67 acres, and not 8.77 acres, as stated by the surveyor and found by the circuit court.

Two questions are thus presented: first, did appellee take this land by gift or by purchase, and, if by purchase, is he entitled to have the compensation sought on account of such deficit; and, second, what is the proper amount of compensation to be made?

On a careful consideration of all the evidence it seems to us plain that appellee took as a purchaser. The transaction involves both a gift and a contract. The conveyance of the land was for a full price. That full price is stated in the deed as the consideration of the conveyance. A portion of that price was paid by a conveyance of a part of the land at a given price to Edmond at the request of the grantor; a portion of that price was provided to be paid by the note and mortgage for $5,184, and a portion of that full price was discharged and regarded as fully paid by a gift of that date of that amount made by his father to appellee. The conveyance of the land was not the gift. The gift consisted in the discharge of $2,345.50 of the price named in the deed.

As to every part of the whole farm, appellee was a pur-
chaser; as to part of the price, he was a donee. When the
deed of appellee was made to Edmond, and when the mort-
gage and note for $5,184 were executed and accepted, the
gift of the balance of the price was a gift completed; not
a gift to be made, but a gift fully executed. It could
not after that be lawfully retracted. Had the deed con-
tained an express covenant as to the amount of the land
conveyed, and had an action been brought by appellee
against his father, for the breach of such covenant by rea-
son of this deficit in quantity, it would have been no de-
fense to say that part of the consideration consisted of a
gift by the father to the son.

In this case there is no such covenant, but the supposed
number of acres, taken at an agreed price, was taken as the
basis in fixing the amount of the note and mortgage. On
the faith of that hypothesis the note and mortgage were
made. Whether out of this arose a legal obligation upon
the father to pay for the deficit it is not necessary here to
inquire. A moral obligation was, beyond all doubt, thus
created. This moral obligation the vendor recognized in
his life, and in consideration thereof promised appellee to
make to him compensation out of his personal estate.

This promise created a legal obligation which appellee is
entitled to enforce against the executor, heirs, or devisees.

The question as to the proper amount of such compensa-
tion remains.

The price of the whole land, as we have seen, was
$10,869.50; the agreed value of the land conveyed to
Edmond was $3,340, leaving $7,529.50 as the price at
which the residue was taken by appellee, and he supposed
that he was to have for this sum 133.27 acres, by which he
was to take that amount of land at $56.50 per acre. The
record shows that that part of the land in which the deficit
occurs is equal in value to the average value of the whole
of appellee's land, embracing the improvements. The
deficit in value then was, that of 8.67 acres, at $56.50 per

acre, and amounted to the sum of $489.85. The decree of the circuit court fixed the amount of this compensation at $436.85, which is less than the real value of the deficit, computed at the purchase price, by the sum of $53. Of this appellee does not complain, and by this appellant is not injured. The decree can not be reversed for this inaccuracy.

It is said the amount should have been filed as a claim against the estate. It is much more appropriate that it should be deducted, by recoupment, from the price to be paid for the land.

Appellant insists that it was error to require of the representatives of the grantor a conveyance to appellee of the parts erroneously left out of his deed, without a corresponding conveyance by appellee to them of the parts erroneously included in the deed. We see no force in this position. Appellee has no title in these parcels whatever, and no possession, and appellant has no right to a title to any part of them; and as to the covenants in the original deed relating in terms to this outside land, the allegations of the bill, and the decree as it is, will always serve as a protection to the executors, heirs and devisees against any action on that account upon the covenants.

Again, it is said the court erred in not reforming the mortgage under the cross-bill. The decree is silent upon this subject, and does not dispose of that question one way or another. If it should be necessary, in the enforcement of payment of the small balance of the mortgage debt, for the executors to resort to the mortgage, the appellant, on notice and application to the circuit court, can have his cross-bill disposed of, the mortgage reformed and prosecuted to foreclosure. A reversal of this decree is not at all necessary to that end.

Finding no error in this record of which appellant has reason to complain, the decree of the circuit court must be affirmed.

*Decree affirmed.*