[No. 13444. Department One. — December 6, 1889.]

## MARIAN C. BRANDT, RESPONDENT, *v.* BELLE CLARK ET AL., APPELLANTS.

APPEAL — STATEMENT — BILL OF EXCEPTIONS — PRACTICE — CONSTRUCTION OF CODE — USE OF NEW-TRIAL STATEMENT. — A bill of exceptions is a simple and convenient method of preserving exceptions and bringing up the evidence on appeal, and is equally applicable to any and all kinds of appeals provided for by the code, and is to be preferred in practice to a statement of the case. Whether a statement prepared on a motion for new trial can be used on appeal from the judgment, if not used in support of the motion, is not decided; but it seems that section 950 of the code should be liberally construed to sustain such use.

VENDOR AND PURCHASER — CONTRACT OF SALE — SPECIFIC PERFORMANCE — EASEMENT — FEE OF PRIVATE ROADWAYS. — When a contract for the sale of land provides for certain private roadways to be constructed to and over the land by the vendor to connect with a certain drive, and to be used in common by the vendor and purchaser, their heirs and assigns, it is not error for the court, in enforcing the contract, to allow to the purchaser a right of way or easement, instead of a fee in the land over which such roadways pass.

ID. — REFERENCE IN DECREE TO RECORDED MAP — DIVISION OF PREMISES BY PRIVATE ROADWAYS. — When the cross-complaint of a defendant, seeking the specific performance of a contract of sale, refers to a map of a tract which includes the premises sold, and which was recorded after the date of the contract, it is not error for the decree enforcing a specific performance to refer to such map instead of describing the premises by metes and bounds, as set forth in the contract, although the roadways and drive mentioned in the contract of sale, as located on said map, cut the premises in two, and though the decree does not award to the purchaser the fee of the land over which such roadways pass, but merely requires a conveyance to the purchaser of the right of way over the same in common with the vendor.

ID. — EXTENSION OF PRIVATE ROADWAY — DESCRIPTION IN DECREE. — When the contract of sale provides for the use in common of an extension of a roadway on the east line of the lots sold through to a certain drive north of the lot, and the findings show that said roadway was opened through the said drive by the vendor, it is not error in the decree enforcing the contract to omit specific mention of said extension, when the decree requires the conveyance of a right of way in such roadway described as "extending northerly along the east side" of the lot sold, and refers to all of the roadways as located upon a recorded map, which shows the roadways as opened by the vendor.

ID. — APPURTENANCE — ALLOWANCE OF WATER STOCK — EXCLUSION OF ROADWAYS. — Where a contract for the sale of land describes as appurtenant to the land sold the regular portion of water stock usually deeded ·with lands similarly located, and it appears that the fee of the land sold,

exclusive of private roadways constructed to and over the land by the vendor, is entitled to three shares of water stock, it is not error to limit the decree for a conveyance to that number of shares, without including the roadways in the estimate of land entitled to water stock.

ID. — ABATEMENT FOR WANT OF TITLE — APPEAL — CONFLICTING EVIDENCE. — When the amount of abatement allowed to the purchaser who seeks the specific performance of a contract for the sale of land, on account of want of title in the vendor to part of the premises sold, is fixed by the court below in view of conflicting evidence, the decision of the court below will not be disturbed upon appeal.

ID. — TENDER — INTEREST — COSTS. — When the court finds upon conflicting evidence that no tender was made by the purchaser of the balance due upon the contract for the sale of land before the commencement of the action, its decree enforcing the contract will not be reversed for the allowance of interest on the balance due from its maturity, and for providing that the purchaser in whose favor the contract is enforced should pay one half the costs of the action.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The contract of sale referred to in the opinion described by metes and bounds a tract of land situated in Pasadena, bordering on the Arroyo River and running to its center, and provided that the vendor should complete, at her own expense, "a sixty-foot private roadway for perpetual use of the parties hereto, their heirs, etc., from Orange Grove Avenue to the frontage of the lot conveyed, also running thence northerly, each party to give twenty-five feet for a like private roadway for like use of said parties, their heirs, etc., which said roadway the party of the first part agrees to continue in same direction and width, and open through to the Arroyo drive for like use by the parties, their heirs, etc." The contract also described "as appurtenant to said tract of land the regular portion of water stock usually deeded with lands similarly located." The plaintiff alleged a mutual mistake in omitting from the description a portion of lot 5 of the Mrs J. H. Hood tract, as shown upon a recorded map, which the complaint avers was intended to be described in the agreement, and including about one half an acre of land lying between the

western boundary of said lot 5 and the Arroyo River, of which plaintiff was not the owner, and which did not exceed twenty-five dollars in value. The complaint asked for a reformation of the contract accordingly, and for an enforcement of the contract for the purchase-money. The defendant denied the mistakes alleged by plaintiff, and averred a mistake in the description of the last line of the tract, and denying the intention merely to convey lot 5 as alleged, averred that it was the intention of the parties to convey a strip of land from the center of the private roadway in front of lot 5 of the uniform width of one hundred and seventy-five feet to the center of the Arroyo River; and averred that the strip of land seventy-five feet in width, extending from the west end of said lot 5 to the river, with the riparian rights thereto belonging, is of the value of five thousand dollars, exclusive of the sum of about ten thousand dollars expended in improvements, and that defendant has been deprived of said strip of land, by eviction under title paramount. The cross-complaint of defendant sought a reformation of the contract to correct said mistake, and described the land intended to be conveyed by reference to a map of the Mrs. J. H. Hood tract, which had been recorded since the date of the contract, and alleged that there was appurtenant to the land the number of shares of the capital stock of the Pasadena Water Company in the ratio of two shares to each vara; that plaintiff agreed to sell and convey to defendant, as appurtenant to the land, the private roadways described in the contract; that, at the time of the execution of the contract, the tract which plaintiff owned, without the land lying west of lot 5, was worth at least five hundred dollars less than the whole tract agreed to be sold, and that said land sold to which plaintiff had no title was, at the time of the commencement of the action and ever since, of the value of two thousand dollars. Defendant alleged a

tender of the balance of the purchase-money due under the terms of the contract, and a deposit with the clerk of one thousand dollars for the use of plaintiff, and prayed a specific performance of the contract upon payment of said sum. The evidence was conflicting as to the value of the Wood lot No. 22 at the date of the contract. The court found that the land described in the agreement included not only lot No. 5 of the Mrs. J. H. Hood tract, as shown upon the recorded map, but also all that portion of Wood lots Nos. 21 and 22, which extended from lot 5 to the Arroyo River; that a mistake had occurred in the agreement, as alleged by defendant; that, at the time of the contract, plaintiff was the owner of Wood lot No. 21, but not of Wood lot No. 22, and that the land sold was worth one hundred dollars less by reason of the failure of title to Wood lot No. 22; that the plaintiff had not tendered a proper deed; that three shares of water stock of the Pasadena Land and Water Company is the proper amount to be deeded with the land; that defendant never tendered the full amount of money due under the agreement; that one thousand dollars is not an adequate consideration for the land; that plaintiff did not agree to sell the private roadways as an appurtenance to the land agreed to be conveyed; but that said private roadways were constructed and opened by plaintiff, as agreed. The decree reformed the contract in the particular claimed by defendant, and ordered a conveyance by plaintiff to defendant of lot 5 of the Mrs. J. H. Hood tract, as per the recorded map thereof, and of that portion of Wood lot No. 21, which extends to the middle of the Arroyo River, and of the right of way in common with plaintiff, her heirs and assigns, over a roadway sixty feet wide, leading from Orange Grove Avenue to the frontage of said lot 5, and over a street fifty feet wide, extending northerly along the east side of lot 5, located as shown upon the recorded map of the Mrs. J. H. Hood tract. The recorded map

of said tract, referred to in the pleadings and in the decree, represents the roadways as open through to the Arroyo drive, and represents that drive as extending northeasterly across lot No. 5, cutting it in two, and connecting with the extension of the private roadway at a point northeast of lot No. 5. The defendant was allowed three shares of water stock, and was ordered to pay one half the costs of the action. The amount of the allowance of water stock was made to depend upon the fee of the land, the evidence showing that there were one and one half acres of land, excluding the roadways. Further facts are stated in the opinion of the court.

*F. K. Clark*, and *R. L. Horton*, for Appellants.

*J. D. Bicknell*, for Respondent.

WORKS, J. — There is a motion in this case to strike out the statement. As is usually the case, the motion is the result of inattention to the simple provisions of the code by the attorneys for the appellants. The appeal is from the judgment. The point made is, that the paper containing the evidence and the exceptions of the appellants is a statement of the case made in support of a motion for a new trial; that no motion for a new trial was made; and that under section 950 of the Code of Civil Procedure such a statement can only be used on an appeal from the judgment where it has been *used* in support of a motion for a new trial. This is the language of the section referred to. But counsel for the appellants say the paper relied upon may be treated either as a statement of the case, or as a bill of exceptions. This is strictly true. It is entitled " statement and exceptions," and might with equal propriety be treated as a statement of the case, a bill of exceptions, or neither the one nor the other. We have never been able to understand why a statement was provided for in the code, and having been provided for, we are equally at a loss to know why it should ever be

resorted to in practice. A bill of exceptions has always been a well-known means of preserving exceptions and bringing up the evidence on appeal. It is a simple and convenient method of accomplishing these results, *and is equally applicable to any and all kinds of appeals provided for by the code.* (Code Civ. Proc., secs. 646, 653, 661, 950.) If attorneys could be induced to abandon entirely the practice of using or attempting to use a statement of the case, and resort exclusively to a bill of exceptions, much of the uncertainty and confusion that has crept into the practice on appeals to this court might in time be removed, and some degree of order and system in the practice in this respect be reasonably hoped for. As it is, a great portion of the time of this court that should be devoted to the decision of cases on their merits is taken up with these petty questions of practice.

As to the question presented by the motion in this case, we have not been able to satisfy our own minds whether the point made is well taken or not. If the language of the section is to be construed literally, a statement prepared on a motion for a new trial cannot be used on an appeal from the judgment unless it has been *used* in support of the motion. But there is no reason apparent to us why this should be so. We are inclined to the belief that the section should not receive this strict and literal construction, but the conclusion we have reached on the merits of the case renders it unnecessary to decide the point, and we prefer to leave it open for further consideration, if it should ever become necessary.

This action was brought by the respondent, as the vendor of real estate, to correct a mistake in an agreement made by her to one of the appellants to convey certain property, and to recover the purchase-money. The defendants denied the mistake alleged by the plaintiff, but in their answer, and by way of cross-complaint, averred another and different mistake, and further alleged

that they had tendered payment of the purchase-money as provided in the contract upon receiving a deed for the real estate actually purchased by them. The court found the mistake substantially as alleged by the defendants; that a small portion of the property agreed to be conveyed was not the property of the plaintiff; that the piece not owned by her was of the value of one hundred dollars; that no tender of the purchase-money had been made; allowed the defendants one hundred dollars deduction from the contract price for the tract of land for which they could get no title; decreed a conveyance of the balance, and rendered judgment against the defendants for the purchase-money, with interest, and one half the costs. The defendants appealed from part of the judgment.

It is contended that the court below erred,—1. In allowing the defendants a right of way or easement of a certain roadway, or street, instead of a fee in the land over which the road passed. 2. In allowing the plaintiff interest on the deferred payment of the purchase-money from the time it fell due, by the terms of the contract, until the trial. 3. In allowing but one hundred dollars for the strip of land for which plaintiff had no title. 4. In decreeing a certain lot in controversy by reference to a map instead of by metes and bounds, whereby the fee of a certain private roadway is cut off and a certain "drive" inserted, by reason of which the premises are cut in two. 5. The omission in the description of a certain other roadway. 6. The allowance of a less amount of water stock than the defendants were entitled to. 7. In compelling the defendants to pay one half of the costs.

Some of these questions depend upon the construction to be placed upon the agreement to convey, and others upon the evidence given at the trial. Upon a careful examination of the agreement and of the evidence, we are of the opinion that the court below did not err in any of the matters complained of.

It is claimed that the court erred in excluding certain evidence offered by the defendants, but we think otherwise. There is nothing in any of these objections that makes it necessary or expedient for us to notice or pass upon them, except in this general way. As to the allowance of interest on the purchase-money, whether it should be allowed or not, depended upon whether a tender of the purchase price had been made at the proper time. Upon this question the evidence was conflicting, and the findings should not be disturbed for that reason. But there was no injustice in requiring the defendants to pay interest, as they had been in possession and had the use of the property during all of the time the interest was allowed.

Judgment affirmed.

Fox, J., and PATERSON, J., concurred.

Hearing in Bank denied.