CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY *vs.* EDWARD W. DURANT and others.

October 7, 1890.

**Specific Performance with Compensation, when Decreed — Plaintiff Left to its Remedy at Law.**—Certain of the defendants, in consideration of the extension of the plaintiff's railway to the city of Stillwater, entered into a contract with the plaintiff, in which they agreed that the city would furnish right of way through certain real estate in the city, and that they would purchase one-half of a certain block of land, and grant the plaintiff a right of way through it. Such right of way was not so given or procured, and the contract remains unfulfilled on the part of the defendants; and several parcels of land included within the limits of the right of way, as designated, are shown to have been separately owned, subsequent to the contract, by some of the defendants, and to have been conveyed to other defendants with notice of the contract. In an action brought by plaintiff against the signers of the contract and such grantees, for a specific performance, with compensation in damages, *held*, upon the facts stated in the complaint and set forth in the opinion, that the plaintiff is not entitled to the equitable interposition of the court for the relief sought, but must be left to its action at law for damages.

Appeal by plaintiff from an order of the district court for Washington county, *McCluer*, J., presiding, sustaining the separate demurrers of the defendants Edward W. Durant, Roscoe F. Hersey, Joseph C. O'Gorman, as receiver of Seymour, Sabin & Co., (a corporation,) Ernest L. Hospes, Isaac Staples, and the Union Depot, Street Railway & Transfer Co., to the plaintiff's complaint.

*W. H. Norris*, for appellant.

*J. N. & I. W. Castle, Fayette Marsh*, and *Searles & Gail*, for respondents.

VANDERBURGH, J.   The demurrers to the complaint interposed in behalf of defendants Durant, Hospes, Hersey, Staples, the Union Depot Company, and O'Gorman, receiver, were sustained by the trial court, and the complaint held sufficient as to the other defendants. From the order sustaining the demurrer the plaintiff appeals, and the principal question presented for our determination is whether the complaint states a cause of action in respect to the defendants above named.   Generally, in equitable actions of this kind, the merits can be best determined upon proofs after answer; but we will examine and consider such questions as are fairly before us on this appeal.

1. If the action were brought solely against the defendants who executed the contract for the right of way, whom, for convenience, we will style "obligors," though equitable relief is demanded, a recovery might be had for damages; but, treating it as an action for damages, the defendants would, if they required it, be entitled to a jury trial.   *Davison* v. *Associates of the Jersey Co.*, 71 N. Y. 333.   But certain lots, through which the right of way was bargained for, are alleged to have been conveyed to certain other defendants, who are joined in the action, and who are not parties to the agreement, and against whom equitable relief, by way of specific performance, is sought.   The two causes of action—one for damages and one for the special relief—cannot properly be united, and this is one ground of the demurrer.   The action, then, must be treated as an equitable one for specific performance, with incidental relief by way of compensation for such portion of the property in question as cannot be reached; and the sufficiency of the complaint must be determined solely in respect to the right of the plaintiff to such relief.

2. It is charged in the complaint that, in order to induce the plaintiff to construct a line of its railroad from a point on its River Division from Hastings to the city of Stillwater, the defendants Staples, Durant, Hospes, Hersey, and Sabin, with one Torinus, since deceased, on the 15th day of July, 1881, agreed in writing with this plaintiff that the city of Stillwater would and should give this plaintiff a right of way, 56 feet wide, through certain real property as described in

the complaint; and that on its part the plaintiff, in and by the same agreement, in consideration of the premises, undertook and agreed, among other things, that it would at once begin the construction of such branch line, and continue the same with all practical dispatch until the completion thereof; and that it did in all things well and truly fulfil and perform such agreement on its part. There is no doubt as to the sufficiency of the consideration to uphold the undertaking of the defendants, or that the parties are mutually bound, subject to the conditions of the contract. *Western R. Co.* v. *Babcock,* 6 Met. 346.

3. In respect to the defendants in whose favor the demurrer was sustained, it is not claimed that any of them now own or are interested in the property in question here, except the Union Depot Company and O'Gorman, receiver. The last named are not parties to the agreement, but are properly joined as having some interest in the property. But the decree of the court for specific performance of the contract could only be made operative against them, or any other persons than the original obligors, in so far as they have acquired from the latter portions of the right of way contracted for with notice. As to such lands, such parties would stand in their shoes and be bound; but as to the lots acquired by the Union Depot Company of other parties, by purchase or condemnation, the contract is entirely nugatory, and in respect to the several tracts of land designated in the complaint as having been so acquired by the Union Depot Company, it could not be bound in this action. From the terms of the contract providing that the city would give a right of way, and the specification of the ownership of the several lots set forth in the complaint, it will not be implied that the defendants at any time owned or had title to any of them, save as therein set forth. From the complaint it appears that the Union Depot Company acquired title to the north 49 feet of lot 2, in block 28, from Helen M. Torinus and Louis E. Torinus, her husband. What the latter's interest was, does not appear. The defendant Sabin, one of the signers of the agreement in question, acquired, by purchase from Torinus, an undivided half of the south 35 feet in width of lot 7, and of the north 56 feet of lot 8, September 16, 1881. Sabin also purchased of

defendant Durant *and another*, September, 1881, the north 15 feet in width of lot 7, and the undivided half of the south 35 feet in width thereof, and the undivided half of the north 56 feet in width of lot 8; and at the same time purchased of Torinus the other undivided half of south 35 feet of lot 7, and north 56 feet of lot 8.   Sabin also purchased lot 5, and a portion of lots 5, 7, and 8, described in the complaint, was conveyed by him to the Union Depot Company, and is included in the right of way, 56 feet in width, described in the agreement.   It is also alleged that the title in fee to the south 30 feet in width of lot 8, to lot 9, and to the north 75 feet in width of lot 10, block 28, appears to be in the city of Stillwater, since 1875, as and for a part of Nelson street, and as part and parcel of the "Levee," so called.   It further appears that the depot company have acquired divers other parcels of the same block from other persons, not parties to the contract, and have also granted to the plaintiff a certain portion of the lots 2, 3, 4, 5, 7, 8, 9, 10, 11, in block 28, lying within such 56-feet strip or right of way.   The defendant Sabin is the only one of the signers of the contract who appears to have title to any of the land in question in block 28, and his interest is confined to that part of lots 5, 7, and 8, above described, and not already conveyed to the depot company.   The only land in block 28, within the right of way, which, in case specific conveyance were decreed under the contract, would be subject to be so conveyed, is the land held by Sabin, and so much of the land of the depot company within the right of way not already conveyed to the plaintiff by it as it derived from Sabin, as above stated.   As before intimated, land procured by the depot company from strangers to the contract would not be affected by it.   As to block 27, the obligors, by the same contract, further agreed to purchase so much of block 27 as lay east of the alley, and to grant such right of way as aforesaid through the same to the plaintiff.   As respects the lots in this half-block, through which the right of way in question was in fact located, it appears that on September 15, 1881, the Union Depot Company, defendant, acquired title from Isaac Staples to one-half of lot 1, and lots 3, 4, and 5; and March 1, 1882, from defendant Hersey and others, to the other half of lot 1; and March 23, 1882, to lot 2, from Seymour, Sabin & Co., of which

firm defendant Sabin was a member. It does not appear, however, what interest Hersey and Sabin had in the lots conveyed.

4. The city has not furnished the right of way as agreed, and the defendants have not caused it to be done or procured it themselves, through either block. The question now arises whether, upon the facts herein stated, a case is made for the interposition of a court of equity so as to warrant a decree for specific performance as to the defendants Union Depot Company and Sabin, and to award a judgment for damages against other defendants, by way of compensation for the deficiency. The court will not undertake to compel the defendants, jointly or severally, to purchase the specific property, or to procure the right of way from the city. And it is not a case for compensation, because, conceding that the court might compel the depot company and Sabin to convey a partial interest representing a relative or proportionate share of individual obligors, as above described, the same would be relatively so small, as compared with the whole amount embraced in the contract, that the compensation or damages would apparently be the main object of the suit. In such cases a court of equity will not assess damages as compensation, but only where they are incidental to the principal ground of relief; and the court will leave the party to his action at law, unless he will consent to accept the part subject to conveyance without damages. *Earl of Durham* v. *Legard*, 34 Law J. Ch. 589. In some cases, however, where the vendor shows title to a portion only of the land contracted, or has wrongfully parted with part, justice may be done by an apportionment of the consideration, if the vendee consent to take part with an abatement of the price. 2 Lead. Cas. Eq. (4th Ed.) pt. 2, p. 1146. So, where the vendee knows at the time of entering into the contract (as may be implied in this case from the terms of the contract) that the vendor has title to a part only of the land, compensation will be denied. Wat. Spec. Perf. § 506; 5 Wait, Act. & Def. 781. This is not a case between vendor and vendee. By the contract the right of way was to be procured by or from others by gift or purchase. The plaintiff did not contract for a conveyance from the defendants. It did not rely upon the individual ownership of the obligors. The city was to give the right of

way; and, as to block 27, the defendants were to purchase the entire half-block jointly, and jointly bear the burden. It was not fairly within the contemplation of the parties that the interests which the individual obligors might have in some of the land embraced in the proposed right of way should be made subject to enforced conveyance under the contract, if unfulfilled in its scope and purpose by the obligors who jointly entered into it. Equity, it is true, looks at the substance of the contract, and, when the agreement can be substantially, though not literally, carried out, without changing the nature of the contract or substituting a new one, and do justice between the parties, it will be so enforced. The doctrine of compensation rests upon this principle. And so where land is held as tenants in common by several persons who have jointly agreed to convey the same, some of whom are not bound or are deceased, those who are liable, or who survive, may be compelled, in a suit on the contract, to convey their individual or proportionate interests as tenants in common. *Hooker* v. *Pynchon*, 8 Gray, 550. But such is not this case. The contract did not contemplate a conveyance of individual interests, but the acquisition of the right of way by the public, and by the joint act or purchase by the obligors; and, as to block 27, an essential condition and inducement to the parties was the purchase of the half-block, and not the right of way merely.

In any view of the case, and apart from the question of laches, considering the nature of the contract, the state of the title, the indefiniteness and uncertainty in the description set forth in the contract, we think that the parties should be left to their action at law, and the interposition of a court of equity is not warranted.

Order affirmed.