S. E. TOWNSEND, Appellee, v. B. F. BLANCHARD, MRS. B. F. BLANCHARD, H. B. ROYSTER AND PETER ROYSTER, Appellants.

Homesteads: SELECTION ON ORDER OF COURT: *Specific performance*. Under Code, section 2974, which provides that no conveyance or contract to convey the homestead, whether it is exclusively the subject of the contract or not, is valid if the owner is married, unless the husband and wife both join in its execution, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser; and section 2970, which provides that a failure to select the homestead will not render the real estate liable when it otherwise would not be, and a selection by the owner shall control,—where a 140-acre tract, containing an unplatted homestead, was conveyed by the husband alone, in action for specific performance, the court, upon failure of the owner to select the homestead, may order a selection for him.

SPECIFIC PERFORMANCE. In an action for specific performance of a contract to convey a 140-acre tract of land, including an unplatted homestead, upon a selection of the homestead under order of the court, the purchasers should have a conveyance of the balance for the contract price, less the value of the homestead and the wife's contingent dower right, should she refuse to convey the same.

*Same*. In an action for specific performance of a contract, signed by the husband alone, to convey a 140-acre tract containing an unplatted homestead, a decree ordering the selection of the homestead and specific performance of the balance for the contract price less the value of the homestead and the wife's contingent dower right, should she refuse to convey the same does not make a new contract between the parties, but only enforces, as far as possible, the old one.

*Inequitable contract—inadequate consideration.* Where a 140-acre tract of land was worth $35 per acre, a contract to convey the same at $32 per acre is not so inequitable that a court of equity will refuse to enforce it.

NOTICE BY ACTION BROUGHT. The commencement of an action for specific performance to convey real estate, prior to the recording of the deed conveying such property, was notice to the grantee of the claimant's rights.

NOTICE BY POSSESSION. Possession of premises by a tenant is sufficient to give notice of the owner's rights.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

THURSDAY, MAY 15, 1902.

SUIT in equity for the specific performance of a contract for the sale of real estate, signed by defendant B. F. Blanchard alone. The trial court rendered a decree for plaintiff, and defendants appeal.—*Affirmed.*

*Wesley Martin* and *G. F. Tucker* for appellants.

*Wright & Nugent* for appellee.

DEEMER, J.—The land which it is claimed defendant Blanchard contracted to sell to plaintiff consisted of 140 acres, 40 acres of which, said defendant was entitled to select as a homestead. Blanchard's wife did not sign the contract, and the homestead was never selected and platted as authorized by law. Plaintiff tendered the purchase price and demanded a deed, but the Blanchards refused to convey. Just prior to the bringing of this suit, Mr. and Mrs. Blanchard conveyed the entire tract to their co-defendant, H. B. Royster, but before the deed was recorded plaintiff commenced this action for specific performance. The trial court rendered a decree setting aside the conveyance to Royster, ordering the defendants Blanchard to select, mark out, and plat

the homestead claimed by them within 30 days, and in the event of their failure to do so directed the sheriff to make the selection; and further decreed that, if the defendants Blanchard tendered a deed to plaintiff for the entire premises within 30 days, then that plaintiff pay the entire contract price; and continued the case for final decree, reserving the right to fix the value of the homestead, and deduct the same from the purchase price, and to determine the rights of the parties agreeably to the prayer of plaintiff's petition. This prayer was in effect, that, if the wife refused to join them in the deed, the value of the homestead platted in accord with the decree be deducted from the purchase price of the remainder of the land until such time as Mrs. Blanchard released her inchoate right of dower. The contract was made in the year 1899, after the adoption of the present Code. The law as it stood prior to the Code of 1897 read as follows: "Sec. 1990. A conveyance or incumbrance by the owner (of the homestead) is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." There was also a provision with reference to the platting of the homestead as follows: "Sec. 1998. The owner, or the husband or wife, may select the homestead and cause it to be marked out, platted and recorded, as provided in the next section. A failure in this respect does not leave the homestead liable, but the officer having an execution against the property of such a defendant may cause the homestead to be marked out, platted and recorded, and may add the expense thereof thence arising to the amount embraced in his execution." On recommendation of the Code commission both of these sections were changed, and the law now reads as follows (sections 2974 and 2979 of the Code of 1897): "Sec. 2974. *Conveyance or Incumbrance.* No conveyance or incumbrance, or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the

execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser or incumbrancer." "Sec. 2979. *Selecting, Platting.* The owner, husband or wife may select the homestead and cause it to be platted, but a failure to do so shall not render the same liable when it otherwise would not be, and a selection by the owner shall control. When selected, it shall be marked off by permanent, visible monuments, and the description thereon shall give the direction and distance of the starting point from some corner of the dwelling, which description, with a plat, shall be filed and recorded by the recorder of the proper county in the homestead book, which shall be, as nearly as may be, in the form of record books for deeds with an index kept in the same manner." Under the Code of 1873 we had almost uniformly held that a contract to sell a tract of land from which a homestead might have been selected, made by the husband alone, was void, not only as to the homestead which might be selected, but also as to the entire tract. *Barnett v. Menderhall*, 42 Iowa, 296; *Goodrich v. Brown*, 63 Iowa, 247; *Woolcut v. Lerdell*, 78 Iowa, 673, and other like cases. *Presser v. Hildenbrand*, 23 Iowa, 483, relied upon by appellee, is not in point, as no question was made in that case of the validity of the contract, and no claim that it was invalid because of statutory prohibition. But it is insisted that the decree rendered by the trial court is in accord with the provisions of the Code of 1897 hitherto quoted. It is manifest that the legislature intended to make a change in the law, and the only difficulty is to determine just what change was intended. As to incumbrances, there is no difficulty in construing these late statutes. They are valid at the option of the incumbrancer, as to real estate other than the homestead and may be foreclosed as against such property. The difficulty arises when it is sought to

apply their provisions to conveyances or contracts to convey. But for the proviso in the statute, there would be no doubt of their invalidity, and as to the homestead they are still invalid. As to other property, they may be enforced at the option of the purchaser. What is it that is to be enforced? Manifestly, the contract to convey. And the contract cannot be completely enforced for the homestead is to be preserved. Plaintiff, then, if suing· for specific performance, does not get the title to the whole of the land. The homestead is eliminated from his contract, and the only question that remains is, is he entitled to an abatement of the purchase price under the statute? The case is akin to one where the vendor cannot make a complete title to all the land sold as agreed. In such a situation courts do not permit the vendor to take advantage of his own wrong, and the purchaser has an election to proceed with the purchase *pro tanto*, and to have an abatement from the purchase price for the deficiency in the title. *Morse v. Elmendorf*, 11 Paige, 277; *Waters v. Travis*, 9 Johns, 465; *Woodbury v. Luddy*, 14 Allen 1, (92 Am. Dec. 731); *Allerton v. Johnson*, 3 Sandf. Ch. 72; *Bonner v. Little*, 38 Ark., 397; *Spear v. Griffith*, 86 Ill., 552; *Wright v. Young*, 6 Wis., 127 (70 Am. Dec. 453); *Jeffries v. Jeffries*, 117 Mass., 184; *Powell v. Conant*, 33 Mich., 396; *Brandt v. Clarke*, 81 Cal. 634 (22 Pac. Rep. 863); *Chicago, M. & St. P. R'y Co. v. Durant*, 44 Minn., 361 (46 N. W. Rep. 676); *Peters v. Delaplaine*, 49 N. Y., 368; *Harsha v. Reid*, 45 N. Y., 415. A vendee may often compel specific performance where the vendor could not. *Waters v. Travis*, 9 Johns, 450. When specific performance is allowed, the vendee is entitled to the full benefit of his contract. In *Presser v. Hildenbrand, supra*, we said: "Assuming, then, that the contract is still operative between the parties, and the defendant's wife is unwilling to relinquish either homestead or dower right, which renders it out of the power of the defendant to

make a clear title to all the property, how are the plaintiff's rights, under the circumstances, to be protected and secured for him? As he cannot get the whole, it is not denied that he may throw up the contract altogether, and seek his remedy in damages only, or he may elect to take *pro tanto* what the defendant can make title to. Touching this last right of the plaintiff, the referee held, inasmuch as the homestead boundary had not been designated, platted, and recorded, and as the defendant and his wife may still have this done under the statute, giving the lines thereof such form as they may elect, provided the dwelling was included therein, therefore he could not decree a specific conveyance of any part of said premises, lest the same be hereafter embraced in said homestead. The objection is believed not to be sound. In the absence of any recorded designation of the homestead lines, · if the defendant and wife should desire that the homestead boundaries should take and assume a form different and other than the congressional subdivision 40 on which the dwelling was situated, the same could be provided for in the decree itself by allowing and directing them to have marked off, platted, and recorded their homestead within a prescribed time. If they did not, then the plaintiff should have specific performance for the residue of the land, under either contingency suggested, by paying $1,100, the value found by the referee as the contract price, less the amount of any unsatisfied mortgage lien there might be resting upon it, and also less the $200 already paid on the purchase money at the time the contract was made, and also less the wife's contingent dower right; to determine which the rule established in the case of *Leach v. Forney*, 21 Iowa, 271, should be followed, namely when the wife of the vendor refuses to join with the husband in the execution of sufficient deeds to enable him to perform on his part a contract for the conveyance of real estate, the vendee has the option of accepting per-

formance by the husband to the extent of his ability, and the retention of so much of the purchase money as shall be proportionate to the highest outstanding or contingent interest not conveyed, without paying interest on the same, or to refuse such partial title, and have his damages for a breach of the covenant," etc. This is peculiarly applicable to the case now before us, and seems to settle the proposition that such a procedure involves the making of a new contract for the parties. Under the statutes as they now read, the owner alone has the right to select the homestead, and if he fails to do so we think the court may order a selection for him. Under the old law either the husband or wife could make the selection, whether owner or not, and there was much reason for saying under that law that the homestead was a "float", and that a court of equity could not make a selection for the wife. *Hall v. Gottche*, 114 Iowa, 147. The abatement, when ordered, bears the same relation to the whole amount as the value of the whole tract is diminished by the deficiency. *Bonner v. Little, supra*. In *Woodbury v. Luddy, supra*, it is said that in such a case defendant must respond in damages to the extent in value between that which the party receives and that to which the contract entitled him. And this is found by taking the market value of what was delivered to him and deducting it from the market value of the whole subject of the contract. If the result of such a holding was the making of a new contract for the parties, we should hesitate long before adopting it. But, as will be seen from a reading of the foregoing cases, this is not so. The contract, as made, is enforced in so far as it is possible; and courts do not permit defendants to take advantage of their own wrong. Purchasers are entitled to enforce their contracts in so far as possible, and at the same time have damages for non-performance of the entire contract. It follows, from what has already been said, that we agree with the conclusions of the trial court on this branch of

the case, and, as no finding has yet been made as to the amount of the abatement of the purchase price, we have no occasion to announce a definite rule on that subject. The statutes relied upon must be construed with reference to well-established rules of the common law, and, when so considered, there is no difficulty in arriving at a proper interpretation thereof.

II.    But it is argued that there was fraud between plaintiff and defendants' agent in the purchase of the land. This claim is entirely without merit, and we need not give it further attention.

III.    Defendants Royster claim that they were *bona fide* purchasers from Blanchard, without notice of plaintiff's rights. This claim is also without merit. The Roysters had notice of plaintiff's contract rights before they took their deed and paid for the land. Moreover, plaintiff was in possession of the premises by a tenant when they purchased, and this gave them notice of his rights. *Dickey v. Lyon*, 19 Iowa, 548.

IV.    Further, it is insisted that plaintiff's contract is unconscionable and inequitable, and that a court of equity should not enforce it. This claim is equally without merit. The amount agreed to be paid was $32, per acre. It was not worth to exceed $35 when sold. These facts are insufficient to support appellants' claims for non-enforcement of the contract.

The decree of the district court is right, and it is AFFIRMED.