[No. 1170, February 26th, 1908.]

ANNA JASPER, Appellee, v. MIRA M. WILSON, et al, Appellants.

### SYLLABUS.

1.  Where the owner of certain real estate located in New Mexico, while residing in Mexico, placed the property in the hands of a broker for sale, authorizing him to do the best he could for her, and, if he sold the property, to apply the proceeds on a specified debt, and fix up all other matters as he thought best, etc., the broker's authority was not limited to finding a purchaser, but extended to the making of a contract of sale.

2.  Where a broker was authorized to make a binding

Jasper v. Wilson.

contract for the sale of land, he had implied power to contract for a conveyance with general warranty.

3. Where a vendee, in a suit for specific performance of a contract for conveyance with general warranty and abstract of title, accepted a decree divesting the title of the vendor and vesting it in plaintiff, it would be assumed that the vendee took such decree without objection, and waived performance of the contract in so far as it required a conveyance with warranty in an abstract of title.

4. Where a part of the acts of an agent are within, and a part without, his authority, the former are valid.

5. Where, defendant's vendees, when they opened negotiations with W. for the purchase of certain land, had knowledge that W's. agent had contracted to sell the land to plaintiff, they bought with notice of plaintiff's rights, and could not complain of a decree of specific performance of plaintiff's contract.

6. A contract for the sale of real estate, evidenced by a receipt reciting a payment of a portion of the price, describing the land, stating the purchase price, and that the balance, was to be paid on delivery of a good and sufficient warranty deed and abstract of title, was not lacking in mutuality, and was a proper subject of specific performance.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

NEILL B. FIELD, for Appellants.

A real estate broker has no implied authority to bind the principal by signing a contract of sale. Lyon v. Pollock, 99 U. S. 668, distinguished; Balkema v. Searle, 116 Iowa 374; Staten v. Hammer, 121 Iowa 499; Armstrong v. Lowe, 76 Cal. 616; McCullough v. Hitchcock, 71 Conn. 404; Carstens v. McReavy, 25 Pac. 471, 472; Sullivant v. Jahren, 79 Pac. 1071; Helling v. Darby, 79 Pac. 1073; Cadigan v. Crabtree, 70 N. E. 1033, 186 Mass. 7; Gestring v. Fisher et al, 46 Mo. Ap. 603; Dole v. Shewood, 41 Minn. 535; Ingold v. Symonds et al, 99 N. W. 713; Gilbert v. Baxter et al, 71 Ia. 327; Stillman v. Fitzgerald et al, 37 Minn. 186; Keim v. O'Reilly, 54 N. J. Eq. 418; Armstrong v. Lowe, 18 Pac. 758; Wallace

et al v. Figone, 81 S. W. 492; Rowan v. Hull, 47 S. E. 92; Merrit v. Wassenich, 49 Fed. 785; DeSolar v. Hanscome, 158 U. S. 216; Kleinhans v. Jones, 68 Fed. 742; Couch v. McCoy, 138 Fed. 696.

It is only where the conveyance is obtained for ends which the law regards as fraudulent or under circumstances which it considers as fraudulent or oppressive by intent or immediate consequence, that the party deriving title to real property will be converted into a trustee. Pomeroy Equity Jurisprudence, par. 1053; 1 Story Eq. Jur. sec. 187; Moore v. Crawford, 130 U. S. 122; Huxley v. Rice, 40 Mich. 73; Ware v. Lord Egmont, 4 DeGex. M. & G. 473; City v. Smelting Co., 63 Féd. 887; Wilson v. Miller, 16 Iowa 115; Appeal of Bugbee, 110 Pa. St. 338; Townsend v. Little, 109 U. S. 511; Wilson v. Wall, 6 Wall. 90, 91.

Specific performance is never granted as a matter of strict right, and is frequently refused where from collateral circumstances it would work a hardship or injustice to any of the parties. Willard v. Taylor, 8 Wall. 566; Hennessey v. Woolworth, 128 U. S. 422; Merritt v. Wassenich, 49 Fed. 788; Trustees of Columbia College v. Thatcher, 87 N. Y. 317; Mansfield v. Sherman, 81 Me. 370; Burkhalter v. Jones, 3 Pac. 565.

The ratification of an act of an agent previously unauthorized, must, in order to bind the principal, be with a full knowledge of all the material facts. Owings v. Hull, 9 Peters 628; Strong v. Ross, 71 N. E. 922; Norton v. Shelby County, 118 U. S. 451; Lindley et al v. Keim et al, 54 N. J. Eq. 424; Marsh v. Fulton County, 10 Wall. 676, 684.

If custom or usage in trade be inconsistent with the contract, or expressly or by necessary implication contradicts it, it cannot be received in evidence to affect it. Barnard v. Kellogg, 10 Wall. 390; Penland v. Ingle, 50 S. E. 851; McCall v. Herring, 45 S. E. 422; Russell's Ex's. v. Ferguson, 60 Atl. 802; McSherry v. Blanchfield, 75 Pac. 121.

Specific performance of a contract affecting real estate should be denied where there is a want of mutuality of rem-

Jasper v. Wilson.

edy in favor of all the parties to it. Borel v. Mead, 3 N. M. 39, distinguished; Norris v. Fox et al, 45 Fed. 406; Marble Company v. Ripley, 10 Wall. 340; Duff v. Hopkins, 33 Fed. 599; Couch v. McCoy, 138 Fed. 696.

What makes inquiry a duty is such a visible state of things as is inconsistent with a perfect right in him who proposes to sell. 2 Hare & Wallace Notes to leading cases in Equity 66; Miller v. Froley, 23 Ark. 745; Jones v. Simpson, 116 U. S. 609, 615; U. S. v. Detroit Lumber Co., 200 U. S. 332; U. S. v. So. Pac. R. R. Co. 184 U. S. 54; Townsend v. Little, 109 U. S. 511, 512; Wilson v. Miller & Beeson, 16 Ia. 115; Leach v. Ansbacher, 55 Pa. St. 89; U. S. v. Detroit Lumber Co., 200 U. S. 333; Mehan v. Williams, 48 Pa. St. 238; Pomeroy on Contracts, secs. 464-468, 1053.

KLOCK & OWEN, for Appellee.

Where agent has power to sell he has the authority to sign an instrument in his principal's name and to bind him thereby. Haydock v. Stowe, 40 N. Y. App. 368, 369; Story on Agency, secs. 210, 211, 183, 217; Moore v. Moore, 1 Selden, N. Y. App. 256, affirming 4 Sanford's Chancery Reports 37; Tarry v. Bank of New Orleans, 9 Paige 649, affirmed in 7 Hill, N. Y. 260; Smith v. Allen et al, 86 Mo. 178; Stewart v. Wood, 63 Mo. 256; Lyon v. Pollock, 99 U. S. 668; Johnson v. Dodge, 17 Ill. 441; Lawrence v. Taylor, 5 Hill 107; Hawkins v. Chase, 19 Pickering 502; Pringle v. Spaulding, 53 Barbour 17; 2 Parsons on Contracts 291; Story on Agency, ch. 6; McNeill v. Shirley, 33 Cal. 202; Johnson v. McGruber, 15 Mo. 258; West v. Mills, 82 N. Y. S. 473; McCarty v. Stanfill, 41 S. W. R. (Ky.) 278; Weaver v. Snively, 102 N. W. (Neb.) 77; Schultz v. Griffin, 121 N. Y. App. 294; LeRoy v. Beard, 8 How. (U. S.) 451; Peters v. Farnsworth, 15 Vt. 155; Vanada v. Hopkins, 1 J. J. Marsh (Ky.) 293; Taggert v. Stanbery, 2 McLean 543; Rawle on Covenants, sec. 20 note; Warvelle on Abstracts, sec. 10, p. 8; Hemstreet v. Burdick, 90 Ill. 449; Fogarty v. Sawyer, 17 Cal. 591; Valentine v. Piper, 22 Pickering 85.

Where a party without authority executes a contract

for the sale of lands in the name of the owner a ratification by the latter (although by parole) makes the contract valid within the statute. Newton v. Bronson, 13 N. Y. C. App. 587; Weed v. Carpenter, 4 Wendell 219; Story on Agency, secs. 239, 244, 250, 252-256; Episcopal Society v. Ep. Ch., 1 Pick. 372; Corning v. Southland, 3 Hill 552-556; Moss v. Rossi Lead Mining Co., 5 Hill 137; Clark's Ex'rs. v. Van Reimsdyke, 9 Cranch 153; Willinks v. Holllingsworth, 6 Wheat 240; Johnson v. Jones, 4 Barber, N. Y. 369; McCullock v. Hitchcock, 71 Conn. 404, distinguished.

The Statute of Frauds only requires the contract for the sale of lands to be signed by the party to be charged therewith. Borel v. Meade, 3 N. M. 39; Worrall v. Munn, 5 N. Y. Ap. 229, 245; in re Hunter, 1 Edward's Chancery 5; Justice v. Lange, 42 N. Y. 493; Tripp v. Bishop, 56 Pa. St. 424; Smith's Appeal, 69 Pa. St. 474.

"Although the Statute of Frauds requires a contract for the sale of land to be in writing, subscribed by the party or his agent lawfully authorized, it is not necessary that the agent should have written authority." Newton v. Bronson, 13 N. Y. App. 587.

When all is fair and the parties deal on equal terms it is a universal rule in equity to enforce contracts for the sale of lands specifically at the demand of either the vendor or vendee. Losee v. Morey, 57 Barbour, N. Y. 564; Willard's Equity, 279, 280; Story Equity, sec. 746, 751; 9 Vesey 608; 12 Vesey 395, 400; Seymour v. Delancey, 3 Cowen 445, 6 Bosworth 245; Vest v. Stowe, 2 Sanford's Chancery 298, 301; Brown v. Haff, 5 Paige 235; Phyfe v. Wardell, 5 Paige 268; Crary v. Smith, 2 Comstock, N. Y. App. 60; Pomeroy's Equity Jurisprudence, 3 ed., vol. 4, sec. 1402, p. 2761; Baltzen v. Nicoley, 53 N. Y. App. 457; Atcherley v. Vernon, 10 Mod. 518; Daniels v. Davidson, 16 Ves. J. 249; Mack v. McIntosh, 181 Ill. 633; Ash v. Hare, 73 Me. 401; Cunningham v. Thompson, 11 Mass. 370; Hayward v. Kane, 110 Mass. 273; Page v. Martin, 46 N. J. Eq. 585; Flag v. Mann, 2 Sumn. U. S. 551; Whiee v. Moores, 86 Me. 62; Mansfield v. Hodgin, 147 Mass. 304; Palmer v. Palmer, 114 Mich, 509.

Jasper v. Wilson.

"Where a purchaser has knowledge of any facts suffi-
cient to put him upon inquiry as to the existence of some
right or title, in conflict with that he is about to purchase,
he is presumed either to have made inquiry and ascertained
the extent of such prior right or to have been guilty of a de-
gree of negligence equally fatal to his claim to be con-
sidered a bona fide purchaser." Williamson v. Brown,
15 N. Y. App. 354; Simmons Creek Coal Co. v. Doran,
142 U. S. 417; Wade on Law of Notice, sec. 11, p. 8; Tuttle
v. Jackson, 6 Wend. 213; Whitbred v. Boulnois, 1 You.
& Col. Ex. R. 303; U. S. v. S. P. & C. & Del Agua Co.,
4 N. M. 590; Perkins v. Wash. Ins., 4 Cowen 645.

"A defendant in an equitable action can not avail him-
self of the defense that the plaintiff has an adequate rem-
edy at law, unless it is pleaded in the answer." Truscott
v. King, 6 N. Y. 147; Ostrander v. Weber, 114 N. Y.
95.

### OPINION OF THE COURT.

PARKER, J.—This is a suit for specific performance
of a contract for the sale of real estate. The contract
is in the following form:—

"Albuquerque, N. M., Nov. 16, 1904.

"Received from Mrs. W. V. Jasper, the sum of one
hundred dollars as part payment on the west ninety-four
and two-thirds (94 2-3) of lots 10, 11 and 12 in Block
44 of the Huning's Highland Addition to the City of Al-
buquerque, New Mexico, the purchase price to be eight
hundred dollars ($800.00) the balance to be paid on the
delivery of a good and sufficient warranty deed and ab-
stract of title.

A. FLEISCHER,
Agent for Mrs. Mira M. Wilson."

Fleischer was a real estate broker in the City of Al-
buquerque and wrote the defendant, Wilson, as follows:—

Jasper v. Wilson.

"October 19th, 1904.

"Mrs. M. M. Wilson,
    Salazar, State of Mexico,
        Mexico.

Dear Madam:—

I have an offer of $700.00 for your lots on the northeast corner of Railroad Avenue and High Street. This is a cash proposition. Kindly let me know at once whether you will be willing to accept that offer. While this is not as much as you had expected to get, I would urge you strongly to accept the amount in view of the fact that there is a likelihood of cement walks being ordered before long on both sides which would mean an expenditure of about $250.00.

Please let me hear from you without delay and oblige.
        Yours respectfully,"

The defendant, Wilson, replied as follows:—

"Salazar, State of Mex. Oct. 23rd, 1904.
Mr. A. Fleischer, Albuq., N. M.

Dear sir:—Your favor of the 19th inst. just at hand. I am at a loss what to reply. I could have got $1,000 cash less commission when I was at Albuq., but I asked $1,000 net. And if the little lot brought $500.00, it seems to me the big one should be worth at least $1,000.00. But if it is going to be necessary to put down cement walk at a cost of $250.00, I suppose it would be best to sell before then. The Moore Real Estate Co. had a customer for them and I though there would have been a sale before now.

If the walks are to be ordered and you cannot get more than $700.00, I expect it will be best to accept it. Yet it looks like giving them away. However, do the best you can for me. If you sell, apply the money on the Rosenwald debt. Send the new interest notes to me for signature and fix all other matters as you think best.

Thanking you in advance for your attention advice, I remain,
        Very resp'ly,
            MIRA M. WILSON."

Jasper v. Wilson.

After receiving the letter of October 23rd, 1904, from the defendant, Wilson, Fleischer negotiated a sale of the property in question and executed the contract above set out. On the same day he wrote the defendant, Wilson, as follows:—

"Albuquerque, N. M., Nov. 16th, 1904.
Mrs. Mira M. Wilson,
    Salazar, Mexico.
Dear Madam:—

    x  x  x  x  x  x   I herewith enclose warranty deed for the R. R. Ave. lots, which you will please have properly signed by yourself and husband before a U. S. Commissioner of Deeds. You may then return it to me or to the bank with proper instructions. You will have to pay the first half of the 1904 taxes and also furnish an abstract. You will notice that I got $100.00 more for it than I offered you in my last letter. I turned the other party down and tried it again with the above result. My commission will be forty dollars. We will have to apply most of the proceeds on the mortgage, so that I can get a release.

    Hoping that this is satisfactory to you and that you will give this matter your prompt attention, I am, with kind regards,
                    Very respectfully yours,"

    To this letter the defendant, Wilson, replied as follows on November 22nd.:—

                "Salazar, State of Mexico, Nov. 22nd, 1904.
Mr. A. Fleischer, 212 1-2 S. 2nd. St., Albuquerque, N. M.
Dear Sir:—

    Your favor of the 16th inst. with enclosure just received. I had just started a letter to you, which explains itself.

    Am sorry you are short of money for taxes. Of course take amount from proceeds of sale. Hope, however, you will be able to collect soon and get in better tenants.

    I cannot understand why you send this deed for my signature, and so will hold it to hear from you again.

    When you sold the other lot the deed and transfer

was made by Rosenwalds, who held it by deed of trust, the same as they still hold this one. Had you not overlooked that fact? You remember all I done was to pay for the recording of the satisfaction of mortgage or release. I would go on and sign the deed anyway, but it would cost me $40.00 to do so. Mr. Wilson would have to lay off and lose so much time, which together with our expenses would be no small amount. As I did not sign a deed for the other transfer and as Rosenwald's do hold deeds of trust for the property, I thought perhaps it would be unnecessary to do so, and I now await your further instructions. I will attend to it at once if necessary.

I am sorry you could not realize more on the lots, but hope all will come out right any way. Apply what you need to on the mortgage. I suppose you can apply $700. Pay taxes 1st 1-2 1904 $31.25, your commission $40.00, pay for abstract and what little is left deposit to my credit. Have new notes for interest drawn and send to me for signature. And if you will kindly tell me if you think it advisable to put the remaining debt into the building and loan, or leave it as it is?

Trusting that I make you no unnecessary delay by not signing the deed before asking questions,

I remain   very respectfully,

MIRA M. WILSON."

1.   Counsel for defendants earnestly insists that these letters did not authorize the agent, Fleischer, to bind the defendant, Wilson, by a contract to sell her land.

· Under the view which we take of the scope of the power conferred upon the agent, Fleischer, by the correspondence above quoted, it becomes unnecessary for us to define the exact limits of the power of an ordinary real estate broker. Whether the ordinary power to sell is a power merely to find a purchaser and bring him to the principal, or whether it includes a power to make a binding contract of sale, it is not necessary to decide; but we do hold that the power conferred upon the agent in this case was an enlarged power and a power sufficient to enable him to make a binding contract of sale.

This clearly appears from the circumstances in which the parties were situated, the terms employed in the letters and all the facts surrounding the transaction. The owner was a resident of Mexico, a long distance from the City of Albuquerque; she entrusted the subject matter of the amount to be paid for the property to the discretion of her agent; she requested him to do the best he could for her, to receive the money and to apply it to the payment of her debts. At the time she conferred the power, she intended to surrender all further dominion over the property and believed that she had clothed the agent with ample power, not only to contract for the sale of the property, but even to pass the title to the purchaser. Under such circumstances, the power conferred is an enlarged power and much beyond that ordinarily conferred upon a real estate broker, and is sufficient to authorize the agent to contract for the sale of the land. Lyon v. Pollock, 99 U. S. 668; Rutenberg v. Main, 47 Cal. 213; Smith v. Allen, 86 Mo. 178; Weaver v. Snively, 102 N. W. 77.

We, therefore, hold that the agent in this case was clothed with the power to make a binding contract of sale.

2. Conceding that the agent was clothed with power to make a binding contract upon his principal to convey her title to the plaintiff, still it is urged by counsel for the defendants that the power did not include the power to contract for a deed with covenants of general warranty and for an abstract of title.

Proof of custom or usage was relied upon by plaintiff to supplement the power directly conferred and thus sustain the power to contract for general warranty of title and abstract of title.

We have examined the record and must say that the proof of custom or usage is very unsatisfactory and whether the same was established is very doubtful. But, assuming that there was no sufficient proof of custom or usage, or assuming that usage or custom were inadmissible as supplementing the power, still, we believe that the great weight of authority is to the effect that a power to sell and make a binding contract of sale implies a power of contract for a conveyance with general

warranty, 2 Page Cont., sec. 963; Vanada v. Hopkins, 1 J. J. Marsh (Ky.) 285, 19 A. D. 92; Le Roy v. Beard, 8 How. (U. S.) 451; Mechem Agency, sec. 322.

But, assuming that the power conferred upon the agent in this case did not include the power to contract for abstract of title and conveyance by deed with general warranty, there is another principle, it seems to us, which is controlling in this case. It is a well recognized principle of equity that a vendee, in an action brought by him for specific performance of a contract, may waive the performance on the part of the vendor of portions of his contract and may elect to take a partial performance, if he himself is willing to fully perform. This doctrine has been most frequently applied in those cases where the vendor has found himself unable to fully comply as to the amount of lands contracted for, or as to the land being free from encumbrances. We can see no reason, however, why the doctrine should not likewise be applied to a case like this one where, assuming the agent has exceeded his power, the vendee elects to take partial performance.

The vendee, plaintiff in this case, has taken a decree of the court below, divesting the title of the vendor and vested it in plaintiff. It is to be assumed that the vendee took this decree without objection and it must be held in this court to amount to an election or waiver of full performance by the vendor.

The only case we have been able to find, in which this principle has been specifically applied to a state of facts like those in the case under consideration, is the case of Vanada v. Hopkins, 1 J. J. Marsh (Ky.) 285, above cited; see also Hammond v. Bank; Walker's Ch. (Mich.), 214.

A similar doctrine is often applied. Thus, a purchaser may elect to take a defective title; or he may elect to take a part of the land less a homestead; or he may elect to take subject to a mortgage and take decree so as to protect against it. See: 26 A. & E. Ency. Law, 83, sec. 3; Lancaster v. Roberts, 144 Ill. 225; Townsend v. Blanchard, 117 Ia. 56; Hill v. Ressigieu, 17 Barb. Sup. Ct. (N. Y.) 162; Peters v. Delaplaine, 44 N. Y. 368; Bull

Territory .v. Sanches.

v. Bell, 4 Wis. 69-75; See Pomeroy Contracts, secs. 438, 439 and note.

It is a familiar principle that where a part of the acts are within and a part without the power, the former are valid. Mechem Agcy., secs. 414, 416.

A contrary doctrine was announced in Dellet v. Whitney, Chaves Eq. (S. C.), 213.

3. ·It is urged by counsel for defendants that the defendants, Arthur E. Walker, Raymond H. Lester and Benton S. Jackson, who are the purchasers from the defendant, Wilson, have been guilty of no inequitable conduct against the plaintiff but have simply been diligent and succeeded in getting a conveyance from the defendant Wilson notwithstanding her contract with the plaintiff in this case. It appears, however, that these defendants were fully advised, before they opened up negotiations with the defendant, Wilson, of the fact that the agent, Fleischer, had contracted with the plaintiff for the purchase of this land. They, therefore, bought with notice of the plaintiff's rights and cannot complain if those rights are enforced by the court. Pomeroy on Contracts, sec. 465.

It is further urged that the contract is lacking in mutuality, and therefore, not enforceable.

It is unnecessary to go further than to cite the case of Borrel v. Mead, 3 N. M. 39, as decisive of the doctrine that a contract of this kind is enforcable by a decree for specific performance, and this seems to be the settled doctrine of the courts. 2 Warvelle on Vendors, par. 739.

For the reasons stated, the judgment of the lower court is affirmed, and it is so ordered.